■ In the Matter of LEON ARONSKY, Petitioner, v BOARD OF EDUCATION, COMMUNITY SCHOOL DISTRICT No. 22 OF THE CITY OF NEW YORK, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents Board of Education, Community School District No. 22 of the

City of New York and John Comer, as Superintendent of Community School District No. 22, dated February 5, 1987, which, after a hearing, found the petitioner guilty of misconduct and excessive lateness and terminated his employment with Community School District No. 22 of the City of New York.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, Leon Aronsky, a tenured teacher, brought a motion to dismiss certain specifications preferred against him by the respondent Community School District No. 22 of the City of New York (hereinafter the school district) on the grounds that they were barred by the six-month limitation period provided in Education Law § 2590-j (7) (c). The statute states, in pertinent part, "[n]o [complaint] shall be brought more than six months after the occurrence of * * * the alleged incompetency or misconduct except where the charge is of misconduct constituting a crime when committed". The specification consisted of six particulars, listed as "A" through "F". The respondents opposed the motion, contending that the facts alleged in the particulars, if proved, constituted assault in the second degree, as well as the lesser included offense of assault in the third degree. After a hearing pursuant to Education Law § 3020-a, the three-member panel dismissed particulars "A" through "E" as time barred, but sustained particular "F" on the ground that the allegations therein, if proven, constituted assault in the third degree. The allegations in particular "F" were that "On or about June 5, 1984, in class 4-409, while a student, R.S., was on the floor, * * * the [petitioner] kicked R.S. on R.S.'s leg causing him substantial pain". By letter dated September 4, 1985, the petitioner was notified that an additional charge would be preferred against him for excessive lateness. The charge was that between March 4, 1985, and June 25, 1985, the petitioner was late on approximately 63 days.

At a hearing held between January 3, 1986, and June 16, 1986, the excessive lateness charge was consolidated with particular "F". The three-member panel determined by a 2-to-1 decision that the respondents had proved their case, and recommended that the petitioner be dismissed. The school district voted unanimously to implement the recommendation, and by letter dated February 5, 1987, the petitioner was terminated from the employment of the school district effective February 6, 1987.

Thereafter the petitioner commenced this proceeding, con-

tending that contrary to the determination of the majority of the panel, the school district had the burden of proving by a preponderance of the evidence each element of the crime which his act allegedly constituted, as those elements are defined by the Penal Law. The primary issue, therefore, is whether at an Education Law § 3020-a hearing, the school district has the burden of proving each element of the crime as defined by the Penal Law, where a charge brought after the six-month Statute of Limitations period has been sustained on the ground that the facts alleged therein, if proved, would constitute a crime when committed. We hold that the school district did not have to prove each element of the crime as defined by the Penal Law.

In reviewing the determination of an administrative agency, this court is limited to the record made before the agency. Since the petitioner never asserted the defense of justification, he cannot now, for the first time, assert that defense. In fact, at the hearing, the petitioner denied that he pushed, stepped on or kicked R.S. His argument with respect to justification is, therefore, without merit.

"[D]isciplinary charges against teachers are not criminal proceedings. Indeed, their primary function is not punitive, but rather the determination of the fitness of the teachers against whom they may be brought to continue to carry on their professional responsibilities" (Matter of Bott v Board of Educ., 41 NY2d 265, 268). The fact that these hearings are civil proceedings has fostered an unwillingness by courts to make rules that are applicable to criminal proceedings.

While the school district must prove the commission of the crime it need not utilize Penal Law definitions.

With reference to the penalty of dismissal from his employment which was imposed upon the petitioner, we note that the evidence adduced at the hearing, and credited by the majority of the panel, indicates that the petitioner kicked R.S. while he was lying on the floor. The testimony shows that R.S. was in pain and had difficulty walking as a result of the kick. The record also shows that this was not the first time the petitioner had had an altercation with a student. In 1982, the petitioner was involved in a similar incident which resulted in minor injuries to the student. The petitioner was suspended for three months without pay for that incident.

Moreover, the petitioner admitted that he was late during the 1984-1985 school year and that he was given warning letters. His only explanation is that if he had been told that

his excessive lateness would result in a "U" rating or very serious consequences, he would have made it his business to be in the office on time. In view of all the circumstances, the penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.